WINFREE *v.* STATE.

(*Nashville,* December Term, 1939.)

Opinion filed January 20, 1940.

W. B. WILLIAMS, of Lebanon, for plaintiff-in-error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment of the Criminal Court of Wilson County holding Winfree in contempt of Court and sentencing him to pay a fine of $25 and be confined ten days in the County jail.

Winfree had been bound over to the April Term of the court which convened on Monday, April 17th. On that day a presentment was returned against him charging violation of the liquor laws. The case was called on that day, again on April 18th and again on April 19th, and

Winfree did not appear. On April 19th a forfeiture was taken on his bond and a *scire facias* issued against him. The court remained in session until the 2nd of May, during which time he continued to absent himself, and the case was then continued over until the next term of the court because of his failure to appear.

On the 15th of May, Winfree was brought into open court by the Sheriff under an *alias capias* and cited to show cause why he should not be adjudged in willful contempt of the court for failure to appear in court as he had been required to do by process.

It appeared that, although well advised that he was obligated to appear in court on Monday, April 17th, he on that day left for Mississippi on a truck in company with certain other parties and did not return until Friday of that week. One Lloyd Anderson, with whom he went to Mississippi, also had a case in court, but before leaving on Monday he had made arrangements with the District Attorney-General for him to be absent until Friday. Upon the return of the parties on Friday, Anderson appeared in court, but Winfree did not do so. He testified, in explanation of his conduct, that when he left with Anderson on Monday he thought he would get back on Wednesday and he did not expect his case to be called until that day, and he further testified that when he returned he was sick with a cold and went to his home and stayed there, and that it was for this reason that he did not later appear.

The trial Judge took the view that Winfree's conduct was a willful evasion of the court's process, with a purpose to obstruct and delay the proceedings of the court, particularly in his case, and held that Winfree had not purged himself of the contempt charge and thereupon

adjudged him guilty of contempt with the sentence hereinbefore set out.

A number of assignments are presented, but counsel for plaintiff in error does not treat them separately, and we find it unnecessary to do so. The gist of the complaint is (1) that the conduct with which plaintiff in error was charged was not such as to subject him to punishment for contempt, ' (2) that he was not properly arraigned, and (3) that the facts presented to the court, including the testimony of plaintiff in error and two witnesses who corroborate his statement as to being sick with a cold at home, were against the finding of contempt.

■■ It is conceded by the State that the proceeding in this case is unusual and that we have no Tennessee decisions directly dealing with the situation. However, the Attorney-General cites *Welch* v. *Barber,* 52 Conn., 147, 52 Am. Rep., 567, and *Carter* v. *Commonwealth,* 96 Va., 791, 32 S. E., 780, 45 L. R. A., 310, as cases in which a party who procured a continuance through feigned sickness had been held to be in contempt as having abused legal process and obstructed court proceedings. These cases do support the right of the court to punish for contempt under such circumstances. In 12 Am. Jur., beginning at page 389, contempt is treated, and on page 398 it is broadly laid down that a witness may be held in contempt who refuses to obey summons by subpoena, and *Hale* v. *State,* 55 Ohio St., 210, 45 N. E., 199, 36 L. R. A., 254, 60 Am. St. Rep., 691, is one of the cases cited in support of the broad rule that a witness who wilfully conceals himself or absconds for the purpose of evading service of a subpoena is guilty of contempt of court, under the rule that one is in contempt of court who is guilty of an act calculated to obstruct the administration of

justice. On page 395, the text reads: "The acts constituting contempt cover a wide range. The most familiar forms of contempt are found in acts which hinder, delay, and obstruct the administration of justice, which are usually committed in the course of the adjudication of some cause or the execution of its judgment."

█ Counsel for plaintiff in error cite no authorities, and the general rules above mentioned seem to be well settled. The power to punish for contempt is said to be inherent in the courts of justice and essential to the proper administration of justice. What has been said by Mr. Gibson, in his chapter on Contempt (Gibson's Suits in Chancery, Sections 918 and 919), has application to the courts of law as well as the Chancery Courts.

██ We find no force in the complaint that plaintiff in error was not given a proper hearing and not served with sufficient notice. He was present and given every opportunity to testify in his own behalf and to introduce witnesses. And, giving that weight which is proper to the finding of the trial Judge on the facts, we are unable to see that the trial Judge committed error of fact, in adjuding plaintiff in error guilty of wilful refusal to present himself in court, and thus obstructing the administration of justice.

█ Counsel for plaintiff in error finally present the proposition that a splitting of the cause of action resulted from the prosecution for contempt in view of the fact that a conditional judgment had been taken on his bond and a *scire facias* issued requiring him to appear at the next term of court to show cause why final judgment should not be taken against him for the amount of said bond. We are unable to agree that the pursuit of this remedy on the bond was the same cause of action

as the proceeding for contempt, which is criminal in its nature. As said before, counsel cites no authority to sustain any of his contentions, and we know of none.

We find no error, and the judgment is affirmed.