ANNIE ROB EMERSON, C. G. (GRANVILLE) WILLIAMS,
Contemner,

*v.*

L. C. (JAKE) PORTER.
(*Jackson*, April Term, 1958.)
Opinion filed May 2, 1958.

HARBERT & SMITH, Savannah, for appellant.
Ross & Ross, Savannah, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal by Granville Williams from a decree adjudging him in contempt of court with a fine of $10 and four days in jail assessed as punishment.

It is a contempt of court for one subpoenaed as a witness to wilfully disobey such subpoena. *Winfree v. State,* 175 Tenn. 427, 430, 135 S.W. 2d 454. Proceeding on that basis, the grounds upon which Williams was adjudged in contempt are recited in the order for attachment as follows:

"It appearing to the court that subpoena to testify as a witness on behalf of the complainant was issued on November 29, 1954, and another subpoena on the 18th day of April, 1955, requiring and commanded Granville (C. G.) Williams to appear in person in said Court to give testimony in behalf of the complainant and that by letter of solicitors for complainant, the said Granville (C. G.) Williams was duly notified to be in Court on June 13, 1955, at 9:00 o'clock A.M. and that the wife of the said Granville (C. G.) Williams was advised

personally by solicitors for the complainants to be present in said Court on said date, that the said Granville (C. G.) Williams failed to appear in Court on the 13th day of June, 1955.''

The subpoena issued on April 18, 1955, required his attendance as a witness on April 25, 1955. It is made manifest by the record that the case was continued on that day, but it does not appear that a subsequent date for trial was then fixed. Nor does it appear that the Court directed the witnesses to return on a specified date.

Thereafter, the case was set for trial on June 13, 1955, but, unlike the conduct of complainant in the previous continuances, no subpoena was issued directing Williams to attend as a witness on June 13. He did not attend. He was, therefore, adjudged guilty of contempt by reason of Code Section 24-207 reading as follows:

''Every witness legally bound to appear as herein directed shall appear accordingly and continue to attend from day to day, and from term to term, until discharged by the court or the party at whose instance he is summoned.''

We think the Chancellor gave too strict a construction to the foregoing code section. If it is to be construed as actually applied in this case the result would be that a witness summoned to appear on a given date would be guilty of a violation of this statute if he did not, without further legal notice, continue to attend from that day on, no matter how many days, weeks, months or years it might be until the case after many indefinite continuances is actually tried. We do not think the Legislature intended any such result, and that the statute can be rea-

sonably construed with intellectual honesty in a manner that will avoid such obviously unintended result.

█ This code section requires a witness to attend from day to day and term to term "until discharged by the court or the party at whose instance he is summoned". While we have been unable to find any precedent either way on the question, we think reason justifies a conclusion that an indefinite continuance of the case by the Court, that indefinite continuance being ordered on the day the case is set for trial, amounts, within the meaning and intent of this code section, to a discharge by the Court of the witness summoned to attend on the day such indefinite continuance was had.

This construction in no way interferes with the power of the Court, if the case is continued to a definite date, to instruct the witnesses to return on that day.

The construction we place upon this code section appears to have been the construction previously placed thereon by the solicitors for complainant in whose behalf Williams was summoned as a witness. We say this because, after each of the two previous continuances, they caused subpoenaes to issue for the attendance of Williams on the date subsequently fixed for a trial of the case.

Moreover, the construction thus placed by this Court upon this code section is consistent with the code provisions applicable within the premises to criminal cases. This is code section 40-2414. That code section provides that if the case be not tried on the day designated, and no order fixing another day is had, then "in the absence of such order, it shall not be necessary for witnesses to

attend the said court, and if they shall attend without such order, it shall be at their own option''.

In *Cochran v. Brown and Crews,* 20 Tenn. 329, it was held that an order of non-suit amounts in law to a discharge by the Court of the witnesses summoned to attend within the meaning of code section 24-207 hereinbefore quoted, although the Court subsequently during the term set the order of non-suit aside. In so deciding, the Court said that if in such event there continued ''the obligation on the part of the witnesses to attend, the greatest loss and inconvenience, both to parties and witnesses would be the result'', and that ''the safe construction of the act, therefore, is that which we have indicated''. That observation seems applicable here.

In construing the conduct of Williams not to have been a violation of the statute, we use advisably herein the expression ''without further legal notice''. This is because of the fact that the solicitors for the complainants had written Williams a letter telling him that the case was set for hearing on June 13, 1955. Legal notice, after the case has been indefinitely continued and then re-set, is by means of a subpoena. A letter of the solicitors is not, of course, a subpoena.

For the reasons stated, this Court concludes that Williams was not guilty of contempt in failing to appear as a witness on June 13, 1955.

It is unfortunate that the costs of this appeal must be adjudged against Williams. There is no other party before the Court against whom it may be ajudged. Williams has been the beneficiary of the appeal.

The decree of the Chancellor adjudging Williams guilty of contempt of court and ordering the punishment therein recited will be reversed. The attachment will be quashed, and Williams will be discharged. All costs of the appeal will be adjudged against Williams.