IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2004 Session

## CYNTHIA ROSE McPHERSON v. CRAIG JOHN McPHERSON

**Appeal from the Chancery Court for Marshall County**
**No. 9,651     F. Lee Russell, Judge**

**No. M2003-02677-COA-R3-CV - Filed December 19, 2005**

This appeal involves a continuing post-divorce dispute regarding child support and related issues. Seven years after the divorce, the former husband filed a petition in the Chancery Court for Marshall County requesting the court to recalculate his child support obligation and to re-establish visitation that had been suspended earlier because of non-payment of child support and failure to abide by the court's orders. The former wife responded by requesting that her former husband be held in contempt for failing to comply with the earlier court orders. Following a bench trial, the court entered an order finding the former husband in "civil" contempt. The court sentenced the former husband to a mandatory ten-day jail sentence and ordered that he remain incarcerated until he paid a portion of his child support arrearage and other financial obligations. The court also recalculated the former husband's child support obligation and ordered the resumption of visitation. On this appeal, the former husband takes issue with the contempt judgment, the earlier suspension of his visitation, and the denial of his request to claim the children as dependents for income tax purposes. While we have determined that the judgment of contempt cannot stand because it is procedurally defective, we find that the remainder of the trial court's August 22, 2003 order is legally and factually sound.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Vacated in Part**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

David A. Collins, Nashville, Tennessee, for the appellant, Craig John McPherson.

Pat M. Fraley, Fayetteville, Tennessee, for the appellee, Cynthia Rose McPherson (Palazzolo).

**OPINION**

**I.**

Craig John McPherson and Cynthia Rose McPherson were married in Michigan in 1981. They had four children during their marriage. In February 1996, Ms. McPherson filed a complaint

in the Chancery Court for Marshall County seeking a divorce and custody of the parties' children who were then between six and fourteen years old. Mr. McPherson counterclaimed for a divorce. On April 26, 1996, the trial court declared the parties divorced based on irreconcilable differences and approved their marital dissolution agreement. This agreement provided for joint custody with Ms. McPherson being the primary residential parent. It obligated Mr. McPherson to pay $700 per month in child support and to pay one-half of the children's medical and dental expenses not covered by insurance. The agreement also permitted each party to claim two children as dependents on their federal income tax returns.

Thereafter, Ms. McPherson remarried,[1] and Mr. McPherson moved back to Michigan where he lived with his mother. Ms. McPherson continued to work for Saturn Corporation, and Mr. McPherson became employed by Lowe's Home Improvement Warehouse in Flint, Michigan. In April 1997, Ms. McPherson filed a petition in the trial court seeking to hold Mr. McPherson in contempt because (1) he was $2,050 in arrears on his child support, (2) he had failed to pay a $875 debt to the Internal Revenue Service, and (3) he had declined to file a joint 1995 tax return as ordered by the court. She also sought sole custody of the children. Mr. McPherson retained a Tennessee lawyer and filed a response admitting that he was behind in his child support payments. He also requested a reduction in his child support, sole custody of the parties' two sons, and a revised visitation arrangement with the parties' two daughters.

Following a hearing in January 1998, the trial court entered an order on April 3, 1998 addressing the issues existing at that time. Based on the parties' agreement that Mr. McPherson was $7,500 in arrears on his child support, the trial court directed him to begin paying $50 per month to reduce the arrearage. The trial court also reduced Mr. McPherson's prospective child support to $650 per month. The court ordered each party to pay one-half of one of their daughter's dental bills and permitted Ms. McPherson to claim all four children as dependants on her 1997 tax return.[2] The court expressly reserved the issue of contempt "for a later hearing if necessary."

The parties returned to court four months later when Mr. McPherson filed a petition requesting the trial court to permit the parties' younger daughter to live with him in Michigan. After the court granted Mr. McPherson temporary custody, Ms. McPherson filed a counterclaim seeking sole custody of the parties' children and a modification of Mr. McPherson's visitation. She also requested the trial court to require Mr. McPherson to obtain medical and dental insurance for the children and to hold Mr. McPherson in contempt because he was now $13,950 in arrears on his child support and because he had failed to pay the debts allocated to him in the marital dissolution agreement.

The trial court conducted another hearing, and on December 10, 1999, entered an order finding that Mr. McPherson was $14,377.98 in arrears on his child support. The court awarded Ms.

_____

[1] Ms. McPherson's surname is now Palazzolo; however, for the sake of clarity, we will continue to refer to her as Ms. McPherson.

[2] The court stated that Mr. McPherson could resume claiming two of the children as dependants in future years if he paid his child support.

McPherson a judgment for the arrearage and held Mr. McPherson in contempt for failing to pay the child support. However, the court reserved punishing Mr. McPherson "to see if Defendant/Petitioner complies with the Orders of this Court" and announced that it would review the child support issue in six months. The court also directed Mr. McPherson to pay Ms. McPherson 41% of his weekly net income as child support.[3] In addition, the court directed Mr. McPherson to provide tax returns and to pay the IRS debt and his share of his daughter's dental bill. Finally, the trial court decided to continue the joint custody arrangement, with Ms. McPherson acting as the primary residential parent for three children and Mr. McPherson acting as the primary residential parent for the fourth.

Less than one year later, Ms. McPherson returned to court requesting that Mr. McPherson be held in contempt for failing to pay the proper amount of child support in a timely manner. She alleged that Mr. McPherson still had not paid the $14,377.98 arrearage. In addition, she asserted that he had failed to provide the tax returns or to pay the IRS debt or his share of his daughter's dental expenses as required by the December 10, 1999 order. The trial court conducted a hearing in February 2001, but neither Mr. McPherson nor his lawyer appeared.[4] Thereafter, the court entered an order on March 13, 2001, concluding that Mr. McPherson was "evading service of process" and that Mr. McPherson's visitation rights should be suspended. The court also found that Mr. McPherson was in contempt but reserved further action until he was "physically before the Court." Based on its conclusion that Mr. McPherson was earning $35,000 per year, the court set his child support for the three remaining minor children at $976.50 per month.[5] Finally, the trial court ordered Mr. McPherson to pay $5,500 of Ms. McPherson's attorney's fees.

Three years later, on April 15, 2003, Mr. McPherson retained new counsel and filed a petition seeking to re-establish visitation with the parties' two remaining minor children. He also requested the trial court to recalculate his child support obligation because only two children were minors and because his current child support was based on an "incorrect income amount." Ms. McPherson responded by cataloging all orders that Mr. McPherson had not obeyed and by requesting that he be held in contempt.

The trial court conducted a hearing on the parties' pending motions on July 25, 2003. At the conclusion of the hearing, the court announced that Mr. McPherson was "not going to leave here without doing some jail time. He's going to jail." Thereafter, the court concluded that Mr. McPherson was guilty of "civil contempt" and sentenced him to a mandatory ten-day jail sentence. The court also ordered that Mr. McPherson would remain in jail after serving the mandatory sentence

---

[3]The trial court and the parties explained during a later hearing that they lacked sufficient evidence to set a specific amount of child support at that time.

[4]The lawyer who had represented Mr. McPherson in the earlier proceedings withdrew from the case in December 2000. Mr. McPherson was aware of this hearing and actually attempted to communicate by facsimile with the trial court. The court responded to Mr. McPherson that it could not consider these ex parte communications.

[5]The parties' oldest child had become emancipated prior to the February 2001 hearing.

until he (1) paid Ms. McPherson $4,257.55,[6] (2) notified the Internal Revenue Service that he was not claiming any of the children as dependents from 1999 through 2002, and (3) entered into a repayment schedule for the remaining balance that was acceptable to the court and Ms. McPherson.

The trial court then turned to the issues of visitation and child support. It decided that "[v]isitation is to resume with the minor children according to the prior Orders of the Court." Based on its determination that Mr. McPherson was capable of earning $33,000 per year,[7] the court set his child support for the remaining two minor children at $710 per month. The court also ordered Mr. McPherson to pay an additional $200 per month toward the child support arrearage and directed that both the child support and arrearage payments should be accomplished by wage assignment.

Mr. McPherson was taken into custody at the conclusion of the hearing but was later released on $10,000 bond. The trial court later granted him a stay of execution conditioned on his demonstrating that he had refiled his federal income tax returns for 1999 through 2002.

## II.
### THE CONTEMPT SANCTIONS AGAINST MR. MCPHERSON

Mr. McPherson takes issue with the trial court's decision to hold him in "civil" contempt for his failure to make his child support payments, as well as other payments ordered by the court. He asserts that he actually received a criminal contempt penalty and that the trial court erred by holding him in contempt because he demonstrated that he lacked the ability to make the court-ordered payments. We have determined that the portion of the judgment finding Mr. McPherson in contempt must be vacated because the proceeding was fatally flawed.

### A.

An act of contempt is a willful or intentional act that hinders, delays, or obstructs the court's administration of justice. *Ahern v. Ahern*, 15 S.W.3d 73, 78 (Tenn. 2000); *Winfree v. State*, 175 Tenn. 427, 431, 135 S.W.2d 454, 455 (1940). An act of contempt may be either civil or criminal in nature, *Reed v. Hamilton*, 39 S.W.3d 115, 118 (Tenn. Ct. App. 2000), and determining whether a punishment for contempt is civil or criminal depends on the character and the purpose of the sanction imposed. *Robinson v. Fulliton*, 140 S.W.3d 304, 309 (Tenn. Ct. App. 2003).

Sanctions for criminal contempt are punitive in character, and their primary purpose is to vindicate the court's authority. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 474 (Tenn. 2003); *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). Criminal contempt sanctions are imposed simply as punishment, *Ahern v. Ahern*, 15 S.W.3d at 79, and persons imprisoned for

---

[6] This payment represented one-third of the current child support arrearage, the payment to the Internal Revenue Service that Ms. McPherson had made on Mr. McPherson's behalf, and Mr. McPherson's share of the children's dental expenses.

[7] The court found that Mr. McPherson was earning $25,000 per year at Lowe's and another $8,000 per year from his "musician avocation."

criminal contempt cannot be freed by eventual compliance with the court's orders. *Robinson v. Fulliton*, 140 S.W.3d at 310. Unless the contemptuous act was permitted in the presence of the court, proceedings for criminal contempt must comply with Tenn. R. Crim. P. 42(b). Persons charged with criminal contempt are presumed innocent and may not be found to be in criminal contempt in the absence of proof beyond a reasonable doubt that they have willfully failed to comply with the court's order. *Black v. Blount*, 938 S.W.2d at 398; *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993).

Civil contempt sanctions, unlike criminal contempt sanctions, are intended to coerce a party to comply with the court's order. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d at 473. Their purpose is to enforce private rights. *Black v. Blount*, 938 S.W.2d at 398. Persons found to be in civil contempt "hold the keys to the jail" and may purge themselves of contempt by complying with the court's order. *Robinson v. Fulliton*, 140 S.W.3d at 309; *Garrett v. Forest Lawn Mem'l Gardens*, 588 S.W.2d 309, 315 (Tenn. Ct. App. 1979). Persons who have failed to make payments required by a previous court order may be held to be in civil contempt only if the court concludes, by a preponderance of the evidence, that they have not made the payments even though they have the present ability to do so. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d at 474; *Ahern v. Ahern*, 15 S.W.3d at 79; *Loy v. Loy*, 32 Tenn. App. 470, 479-80, 222 S.W.2d 873, 877-78 (1949).

Punishment for contempt should fit the offense, and the court against whom the contempt is committed is in the best position to fashion the appropriate punishment consistent with the applicable legal principles. *Walker v. Walker*, No. M2002-02786-COA-R3-CV, 2005 WL 229847, at *3 (Tenn. Ct. App. Jan. 28, 2005 (No Tenn. R. App. P. 11 application filed). Accordingly, courts have inherent authority to order punishment for acts of contempt, *Reed v. Hamilton*, 39 S.W.3d at 117-18, and their exercise of this power is discretionary. *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993); *Hill v. Hill*, 152 S.W.3d 543, 548-49 (Tenn. Ct. App. 2004); *Freeman v. Freeman*, 147 S.W.3d 234, 242 (Tenn. Ct. App. 2003). A court's contempt powers, however, extend only to the types of acts described in Tenn. Code Ann. § 29-2-102 (2000). *Reed v. Hamilton*, 39 S.W.3d at 118.

**B.**

Despite the trial court's characterization of this proceeding as a "civil" contempt proceeding, the punishment imposed reflects that it was, in large part, a criminal contempt proceeding. The mandatory ten-day jail sentence is a punishment for criminal contempt because Mr. McPherson did not have the ability to purge his contempt and avoid this sentence by making the payments required by the previous court orders. The contempt sanction was imposed to punish Mr. McPherson, rather than to coerce him into complying with the orders of the court.

The procedure the trial court used to impose this criminal contempt sanction was procedurally defective. Ms. McPherson's April 2003 petition did not state whether she was seeking to hold Mr. McPherson in criminal contempt, civil contempt, or both. The trial court did not see to it that Mr. McPherson received notice as required by Tenn. R. Crim. P. 42(b), and the record contains no evidence that Mr. McPherson was afforded the presumption of innocence or informed of his privilege against self-incrimination. These omissions, together with the absence from the trial

court's August 22, 2003 order of an affirmative finding that Mr. McPherson had the ability to make the required payments and willfully failed to do so, require that the portion of the judgment sentencing Mr. McPherson to serve a mandatory ten-day sentence be vacated.

The trial court committed another error that undermines the portion of its judgment imposing civil contempt sanctions against Mr. McPherson. The trial court, in effect, was conducting a civil contempt proceeding and a criminal contempt proceeding simultaneously. We have pointed out that such proceedings are fundamentally flawed and should be avoided because of the significant differences in the respective burdens of proof and the procedural rights accorded to the persons accused of contempt. *Cooner v. Cooner*, No. 01A01-9701-CV-00021, 1997 WL 625277, at *6-7 (Tenn. Ct. App. Nov. 14, 1997) (No Tenn. R. App. P. 11 application filed). Criminal and civil contempt proceedings should be tried separately. *Freeman v. Freeman*, 147 S.W.3d at 243-44. The trial court's failure to separate the proceedings prejudiced Mr. McPherson. Accordingly, the portion of the judgment finding Mr. McPherson in civil contempt must be vacated as well.[8]

## III.
### THE SUSPENSION OF MR. MCPHERSON'S VISITATION RIGHTS

Mr. McPherson also takes issue with the portions of the trial court's December 22, 2000 and March 13, 2001 orders suspending his visitation rights. He insists that these orders were entered without notice and an opportunity to be heard. We have determined that this issue was rendered moot when the trial court reinstated Mr. McPherson's visitation rights in its August 22, 2003 order.

## IV.
### MR. MCPHERSON'S RIGHT TO CLAIM THE CHILDREN AS DEPENDENTS

As a final matter, Mr. McPherson takes issue with the trial court's interpretation of its April 3, 1998 order regarding the criteria of claiming the children as dependents on his federal income tax returns. He insists that the court's order and its subsequent interpretation of the order are confusing and unfair. We find little merit with this argument.

The parties' marital dissolution agreement provided that each of them could claim two children as dependents on their federal income tax returns.[9] After Mr. McPherson failed to satisfy all his child support obligations, the trial court entered an order on April 3, 1998 providing that Ms. McPherson would be allowed to claim all four children as dependents on her 1997 federal income tax form. However, the court also stated that:

---

[8]This opinion should not be interpreted as signifying that we have concluded that Mr. McPherson is not guilty of either civil or criminal contempt. We have only concluded that the procedures employed in the contempt portion of this proceeding were prejudicially flawed. The trial court continues to have the power to punish Mr. McPherson for both criminal and civil contempt if warranted by the facts, as long as it follows the proper procedures.

[9]It stated simply that the "parties will each claim two (2) children for income tax purposes."

For all subsequent years, as long as the Defendant pays child support, he is entitled to claim two children. Provided child support is being paid and is current with said support, the Plaintiff will claim the second and fourth child and the Defendant will claim the first and third child. The parties can switch these tax exemptions by mutual agreement if they so choose.

Following the entry of the 1998 order, Mr. McPherson continued to be delinquent in his payment of child support and other expenses related to the children. In December 1999 and March 2001, the trial court entered additional orders directing Mr. McPherson to fulfill his financial obligations, including orders granting judgments to Ms. McPherson for back child support and establishing payment plans for these judgments. Eventually the court was required to order that these payments be made by wage assignment.

Mr. McPherson now claims that he should be entitled to claim the remaining minor children as dependants even though he has not liquidated the support arrearage or his other financial obligations. He asserts that since he is now regularly making both his child support payments and the required arrearage payments, he is "current" on his child support. We disagree. The April 1998 order conditions Mr. McPherson's right to claim his children as dependents on two things. First, he must be regularly paying his child support, and second, he must be current on his support obligation. While Mr. McPherson is presently paying his support obligations as they come due, he is not yet "current" with his child support because he has yet to pay the entire amount of the child support arrearage. Accordingly, we affirm the portion of the August 22, 2003 judgment directing Mr. McPherson to amend his federal income tax returns to delete his claims of the parties' children as dependents.

## V.

We vacate the portion of the August 22, 2003 judgment finding Mr. McPherson in contempt, affirm the remainder of the judgment, and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal in equal proportions to Craig John McPherson and his surety and to Cynthia Rose McPherson for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.