IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 9, 2011 Session

# THOMAS H. GILREATH, ET AL. v. DONALD G. PETERS, II

**Appeal from the Chancery Court for Hawkins County**
**No. 17234      Thomas R. Frierson, II, Chancellor**

**No. E2011-00917-COA-R3-CV-DECEMBER 13, 2011**

Thomas H. Gilreath and Carol L. Gilreath ("Plaintiffs") sued Donald G. Peters, II ("Defendant") with regard to a right-of-way. After a trial, the Trial Court entered its order on February 17, 2010 finding and holding, *inter alia*, that Defendant had interfered with Plaintiffs' use of the right-of-way, and that the right-of-way "should remain open and unobstructed …." Defendant did not appeal this judgment. Plaintiffs later filed a motion for contempt. During a hearing on Plaintiffs' motion, Defendant made an oral motion seeking to set aside the February 17, 2010 order pursuant to Tenn. R. Civ. P. 60.02(5). After the hearing, the Trial Court entered its order denying Defendant's Rule 60.02(5) motion, and finding Defendant in contempt of the Trial Court's February 17, 2010 order. Defendant appeals to this Court raising issues regarding the denial of his Rule 60.02(5) motion, and the finding of contempt. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, J.J., joined.

Allen J. Coup, Mount Carmel, Tennessee, for the appellant, Donald G. Peters, II.

Douglas T. Jenkins, Rogersville, Tennessee, for the appellees, Thomas H. Gilreath, and Carol L. Gilreath.

# OPINION

## Background

Plaintiffs and Defendant own adjoining parcels of real property in Hawkins County, Tennessee. Plaintiffs' deed grants them a 40 foot right-of-way across Defendant's property. In July of 2009, Plaintiffs sued Defendant alleging, in part, that Defendant had done excavation in the right-of-way, which interfered with Plaintiffs' use of the right-of-way. The case was tried without a jury, and Defendant appeared pro se.

After the trial, the Trial Court entered its order on February 17, 2010 finding and holding, *inter alia*, that the 40 foot wide right-of-way claimed by Plaintiffs existed, that Defendant had interfered with Plaintiffs' use of the right-of-way, and that the right-of-way "should remain open and unobstructed …." This order was not appealed, and it became a final judgment.

In August of 2010, Plaintiffs filed a motion to enforce the February 17, 2010 order alleging, in part, that Defendant continued to interfere with Plaintiffs' use of the right-of-way. A hearing was held in September of 2010, but Defendant failed to appear. After the hearing, the Trial Court entered its order on November 15, 2010 finding and holding, *inter alia*, that Defendant was in contempt, and that Defendant was "restrained from interfering with the Plaintiffs' use, maintenance, including mowing, of the subject right-of-way and said right-of-way will remain open and unobstructed …." The November 15, 2010 order further ordered Defendant to remove the gate he had erected in the right-of-way.

In December of 2010, Defendant filed a motion to vacate or for a new trial alleging, in part, that he never received actual notice of the September hearing. On February 22, 2011 the Trial Court entered an Agreed Order which states:

> This matter came on to be heard on the 22nd day of February, 2011 upon Defendant's Motion to Vacate the Order entered in this cause on November 15, 2010 and for a New Trial, whereupon the parties announced their agreement and it appearing satisfactory to the Court:
>
> **IT IS THEREFORE ORDERED** that this Court's November 15, 2010 Order is hereby set aside and vacated in its entirety and this matter set for a new hearing on the remaining issue of whether the subject right-of-way is an open right-of-way and contempt.

After entering the February 22, 2011 order vacating the November 15, 2010 order, the Trial Court held a new hearing on Plaintiffs' motion for contempt. Defendant moved orally to set aside the February 17, 2010 order pursuant to Tenn. R. Civ. P. 60.02(5).[1] The Trial Court heard argument on Defendant's oral motion, and also heard argument on Plaintiffs' motion for contempt. After the hearing, the Trial Court entered its order on March 29, 2011 finding and holding, *inter alia*:

1. That Defendant's Rule 60.02(5) Motion to set aside the February 17, 2010 Order is not well taken.
2. That the instrument granting the easement was an "open" easement.
3. That Defendant's conduct in erecting a gate upon the easement is in willful contempt of the Court's previous Order entered on February 17, 2010.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant's oral motion pursuant to Tenn. R. Civ. Pro. 60.02(5) to set aside the Court's previous Order entered on February 17, 2010, on the ground that it is contrary to the evidence, is denied.
2. Plaintiffs' motion for contempt is granted and Defendant is enjoined from future interference with the Plaintiffs', their heirs and/or assignees [sic], use of the subject right-of-way.
3. Defendant is ordered to maintain the easement as an "open" easement and to remove the gate across the right-of-way.

Defendant appeals to this Court.

## Discussion

Although not stated exactly as such, Defendant raises three issues on appeal: 1) whether the Trial Court erred in failing to grant Defendant relief from the February 17, 2010 order pursuant to Tenn. R. Civ. P. 60.02(5); 2) whether the February 17, 2010 order was res judicata on the issue of whether the right-of-way was to be open and unobstructed; and, 3) whether the Trial Court erred in finding Defendant in contempt of the February 17, 2010 order.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence

---

[1]Plaintiffs' counsel waived service, and objection to the timeliness of this motion.

is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first consider whether the Trial Court erred in failing to grant Defendant relief from the February 17, 2010 order pursuant to Tenn. R. Civ. P. 60.02(5). As this Court stated in *In re: Joeda J.*:

> The applicable standard for reviewing a trial court's grant or denial of a Tenn. R. Civ. P. 60.02 motion is set forth in *Henry v. Goins*, 104 S.W.3d 475 (Tenn. 2003):
>
> > In reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, we give great deference to the trial court. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Consequently, we will not set aside the trial court's ruling unless the trial court has abused its discretion. *See id.* An abuse of discretion is found only when a trial court has "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).
>
> *Henry v. Goins*, 104 S.W.3d at 479. *See also Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) ("Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'")(quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).
>
> * * *
>
> As this Court observed in *Wilkerson v. PFC Global Group, Inc.*, No. E2003-00362-COA-R3-CV, 2003 WL 22415359 (Tenn. Ct. App. Oct. 23, 2003):

-4-

Under Rule 60 "the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tennessee Dep't of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)(quoting *Tennessee State Bank v. Lay*, 609 S.W.2d 525 (Tenn. Ct. App. 1980)). Rule 60.02 is not for use by a party merely because he is dissatisfied with the results of the case. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993). The principle of finality is firmly embedded in the procedural rules and, therefore, Rule 60.02 is an escape valve that should not be easily opened. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993). "[M]ere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect." *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985)(quoting 46 Am. Jur. 2d *Judgments* § 718 (1969)); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993).

*Wilkerson*, 2003 WL 22415359, at *6.

\* \* \*

Next we consider whether [a party is] entitled to relief under Rule 60.02(5). We return to *Wilkerson* where we further stated:

Rule 60.02(5) authorizes relief from a judgment for "any other reason justifying relief from the operation of the judgment." Despite its broad language, Rule 60.02(5) is construed narrowly. *Federated Insurance Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn. 2000); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). The standards of Rule 60.02(5) are even more demanding than those applicable to the other grounds for Rule

-5-

60.02 relief. *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990)(citing *Tenn. Dept. of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)).

*In re: Joeda J.*, 300 S.W.3d 710, 714-15, 716 (Tenn. Ct. App. 2009). As our Supreme Court has instructed: "Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000).

Our ability to resolve this issue is hampered by the fact that Defendant made an oral motion for relief, not a written one, and the record on appeal does not contain a transcript from this hearing. As such, this Court is unclear as to the specific grounds upon which Defendant claimed to be entitled to relief pursuant to Tenn. R. Civ. P. 60.02(5). Furthermore, the record on appeal contains no transcript of the trial. The record does contain a statement of the evidence prepared by Defendant, but this statement is brief and unhelpful with regard to this issue.[2]

Defendant asserts in his brief on appeal that the February 17, 2010 order should be set aside pursuant to Tenn. R. Civ. P. 60.02(5) because the "finding that the right-of-way should remain open and unobstructed was unsupported and contrary to the evidence." In support of this argument, Defendant points to the fact that the February 17, 2010 order does not contain language "explicitly prohibiting a gate." Defendant asserts that in the absence of such language, Defendant has a right to erect a gate for his use and enjoyment of the property. Defendant is mistaken. The Trial Court's February 17, 2010 order clearly, specifically, and unambiguously provides that the right-of-way was to "remain open and unobstructed." The fact that the Trial Court's order does not contain the word "gate" does not make the order ambiguous or unsupported. Additionally, the limited record before us in no way supports Defendant's conclusion that the "finding that the right-of-way should remain open and unobstructed was unsupported and contrary to the evidence."

In his brief on appeal, Defendant also raises an argument concerning alleged

---

[2] The statement of the evidence was filed on July 26, 2011 and purports to be a statement of the evidence of all three hearings held by the Trial Court. No appeal was taken of the February 17, 2010 order and that order became final. This being so, we fail to see how this statement of the evidence as it purports to relate to the February 2010 hearing could have complied with the Tenn. R. App. P. 24(c) requirement that it "shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal." There was no notice of appeal filed concerning the February 17, 2010 order.

unfairness with regard to the fact that Defendant was pro se when the case was tried and the February 17, 2010 order was entered. In *Henderson v. SAIA, Inc.*, the plaintiff asserted that she was entitled to relief pursuant to Rule 60.02(5), in part, because she was unrepresented by counsel when she signed settlement documents. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 339 (Tenn. 2010). Our Supreme Court did not find this asserted reason sufficient, either taken by itself, or in connection with the plaintiff's other asserted reasons, to justify relief pursuant to Rule 60.02(5). *Id.* Specifically, our Supreme Court stated:

> First, with respect to being unrepresented by counsel, we again observe that the employee at all times had the right to consult an attorney for advice, but elected not to. Obviously, parties are free to avoid hiring a lawyer, taking depositions, arranging for court reporters, securing medical experts, and incurring other litigation-related expenses if they wish. The employee here made that choice and, having done so, cannot complain about it nearly six months later.

*Id.*

Defendant has pointed us to nothing in the record which even hints that this case is one of overwhelming importance to anyone other than the parties. Nor has Defendant shown that this case involves extraordinary circumstances or extreme hardship. A careful and thorough review of the record on appeal reveals no grounds upon which Defendant would be entitled to have the February 17, 2010 order set aside pursuant to Tenn. R. Civ. P. 60.02(5). As such, we find no abuse of discretion in the Trial Court's denial of Defendant's motion for relief pursuant to Tenn. R. Civ. P. 60.02(5).

Next, we consider whether the February 17, 2010 order was res judicata on the issue of whether the right-of-way was to be open and unobstructed. Our Supreme Court has discussed res judicata and collateral estoppel stating:

> The term "res judicata" is defined as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action . . . . [T]o be applicable, it requires identity of cause of action, or person and parties to action, and of quality in persons for or against whom claim is made." Black's Law Dictionary 1172 (5th ed. 1979)(citations omitted). We have recently discussed the doctrine and its related counterpart, collateral estoppel, as follows:

> The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

*Goeke v. Woods,* 777 S.W.2d 347, 349 (Tenn. 1989)(quoting from *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987)). Res judicata and collateral estoppel apply only if the prior judgment concludes the rights of the parties on the merits. *A. L. Kornman Co. v. Metropolitan Gov't of Nashville & Davidson County,* 216 Tenn. 205, 391 S.W.2d 633, 636 (1965). One defending on the basis of res judicata or collateral estoppel must demonstrate that 1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and 2) both cases involve the same parties, the same cause of action, or identical issues. *Scales v. Scales,* 564 S.W.2d 667, 670 (Tenn. App. 1977)*, cert. denied,* (Tenn. 1978).

*Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).

In his brief on appeal, Defendant makes arguments with regard to the requirements of collateral estoppel, and asserts that whether the issue of the right-of-way remaining open and unobstructed was actually raised, litigated, and decided in the earlier proceeding is dispositive of the issue before us. We note, however, that the issue before us does not fit within the definition of collateral estoppel. Rather, the question in the case now before us is whether res judicata applies since we have before us a judgment dealing with the same parties and the *same cause of action*. Collateral estoppel does not apply because this is not a *different cause of action*. As such, it is not dispositive to determine if the issue was actually raised, litigated, and decided in the earlier proceeding. Rather, we must determine if the issue was or *could have been* litigated in the earlier proceeding.

Defendant's arguments in his brief on appeal, in essence, assert that the issue of whether the right-of-way was to remain open and unobstructed was not pled or tried, and, therefore, he is entitled to a trial on the matter of whether Defendant may erect a gate in the right-of-way. We disagree. The Trial Court's February 17, 2010 order specifically and clearly states that the right-of-way "should remain open and unobstructed …." It cannot reasonably be argued that "open and unobstructed" contemplates the possibility of allowing for a gate over the right-of-way. Furthermore, the issue of whether or not a gate would be allowed is directly relevant to the cause of action filed by Plaintiffs, which alleged

obstruction of the right-of-way and sought an order as to their rights with regard to the right-of-way. As such, the issue of whether the right-of-way should remain open and unobstructed either actually was litigated, or could have been litigated in the prior proceeding along with the other issues regarding access to the right-of-way. As noted earlier, the record contains no transcript and only a questionable statement of the evidence relative to the February 2010 hearing.

As the issue of whether the right-of-way should remain open and unobstructed involves the the same parties or their privies, the same subject matter as the original suit, and issues which either were litigated or could have been litigated in the original suit, the February 17, 2010 order is res judicata on this issue, and Defendant may not attempt to re-litigate it. Defendant had the opportunity to appeal the Trial Court's February 17, 2010 order, and Defendant chose not to do so. The February 17, 2010 order became a final order and is res judicata on the issue of whether the right-of-way must remain open and unobstructed.

Finally, we consider whether the Trial Court erred in finding Defendant in contempt of the February 17, 2010 order. Our Supreme Court has instructed:

The power to punish for contempt has long been regarded as essential to the protection and existence of the courts and the proper administration of justice. *Winfree v. State*, 175 Tenn. 427, 431, 135 S.W.2d 454, 455 (1940); *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 331 (1868). At common law, the contempt power was broad and undefined. *See Nye v. United States*, 313 U.S. 33, 43-47, 61 S. Ct. 810, 85 L. Ed. 1172 (1941). Concerned about the potential abuse of this power, the Tennessee General Assembly, like its counterparts in other states, enacted statutes to define and limit the courts' power to punish for contempt. *Black v. Blount*, 938 S.W.2d at 397. As a result, the courts' contempt power is now purely statutory. *Scott v. State*, 109 Tenn. 390, 394-95, 71 S.W. 824, 825 (1902); *State v. Galloway*, 45 Tenn. at 328-31; *State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Group Trust*, 209 S.W.3d 602, 611 (Tenn. Ct. App. 2006); *Derryberry v. Derryberry*, 8 Tenn. Civ. App. (Higgins) 401, 402 (1918).

Tenn. Code Ann. § 16-1-103 (1994) currently provides that "[f]or the effectual exercise of its powers, every court is vested with the power to punish for contempt, as provided for in this code." To give effect to this power, Tenn. Code Ann. §§ 29-9-101 to -108 (2000) further define the scope of the contempt power and the punishment and remedies for contemptuous acts. Of particular relevance to this case, Tenn. Code Ann. § 29-9-102(3) specifically

empowers the courts to use their contempt powers in circumstances involving "[t]he willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." This provision enables the courts to maintain the integrity of their orders. *Wilson v. Wilson*, 984 S.W.2d 898, 904 (Tenn. 1998); *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993); *State v. Sammons*, 656 S.W.2d 862, 869 (Tenn. Crim. App. 1982).

\* \* \*

Civil contempt claims based upon an alleged disobedience of a court order have four essential elements. First, the order alleged to have been violated must be "lawful." Second, the order alleged to have been violated must be clear, specific, and unambiguous. Third, the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order. Fourth, the person's violation of the order must be "willful."

\* \* \*

After determining that a person has willfully violated a lawful and sufficiently clear and precise order, the court may, in its discretion, decide to hold the person in civil contempt. *See Robinson v. Air Draulics Eng'g Co.*, 214 Tenn. 30, 37, 377 S.W.2d 908, 912 (1964). The court's decision is entitled to great weight. *Hooks v. Hooks*, 8 Tenn. Civ. App. (Higgins) 507, 508 (1918). Accordingly, decisions to hold a person in civil contempt are reviewed using the abuse of discretion standard of review. *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993); *Moody v. Hutchison*, 159 S.W.3d 15, 25-26 (Tenn. Ct. App. 2003). This review-constraining standard does not permit reviewing courts to substitute their own judgment for that of the court whose decision is being reviewed. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006); *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

*Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 354-55, 358 (Tenn. 2008) (footnotes omitted).

In his brief on appeal, Defendant challenges the finding that the February 17, 2010 order was clear, specific, and unambiguous. Defendant raises no challenge to the other findings made by the Trial Court relative to this issue. As our Supreme Court has instructed with regard to this element of contempt:

The second issue involves the clarity of the order alleged to have been violated. A person may not be held in civil contempt for violating an order unless the order expressly and precisely spells out the details of compliance in a way that will enable reasonable persons to know exactly what actions are required or forbidden. *Sanders v. Air Line Pilots Ass'n Int'l*, 473 F.2d 244, 247 (2d Cir. 1972); *Hall v. Nelson*, 282 Ga. 441, 651 S.E.2d 72, 75 (Ga. 2007); *Marquis v. Marquis*, 175 Md. App. 734, 931 A.2d 1164, 1171 (2007); *Cunningham v. Eighth Judicial Dist. Ct. of Nev.*, 102 Nev. 551, 729 P.2d 1328, 1333-34 (1986); *Petrosinelli v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 700, 643 S.E.2d 151, 154-55 (2007). The order must, therefore, be clear, specific, and unambiguous. *See Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d at 471; *Long v. McAllister-Long*, 221 S.W.3d at 14.

Vague or ambiguous orders that are susceptible to more than one reasonable interpretation cannot support a finding of civil contempt. *City of Gary v. Major*, 822 N.E.2d 165, 170 (Ind. 2005); *Judge Rotenberg Educ. Ctr., Inc. v. Comm'r of Dep't of Mental Retardation*, 424 Mass. 430, 677 N.E.2d 127, 137 (1997); *Ex parte Slavin*, 412 S.W.2d at 45. Orders need not be "full of superfluous terms and specifications adequate to counter any flight of fancy a contemner may imagine in order to declare it vague." *Ex parte Blasingame*, 748 S.W.2d 444, 446 (Tex. 1988) (quoting *Ex parte McManus*, 589 S.W.2d 790, 793 (Tex. Civ. App. - Dallas 1979)). They must, however, leave no reasonable basis for doubt regarding their meaning. *Int'l Longshoremen's Ass'n, Local No. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S. Ct. 201, 19 L. Ed. 2d 236 (1967); *Salt Lake City v. Dorman-Ligh*, 912 P.2d 452, 455 (Utah Ct. App. 1996).

Orders alleged to have been violated should be construed using an objective standard that takes into account both the language of the order and the circumstances surrounding the issuance of the order, including the audience to whom the order is addressed. *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001); *United States v. Young*, 107 F.3d 903, 907-08 (D.C. Cir. 1997). Ambiguities in an order alleged to have been violated should be interpreted in favor of the person facing the contempt charge. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006); *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 251 (2d Cir. 2002); *Town of Virgil v. Ford*, 184 A.D.2d 901, 585 N.Y.S.2d 559, 560 (1992); *Greene v. Finn*, 153 P.3d at 951. Determining whether an order is sufficiently free from ambiguity to be enforced in a contempt proceeding is a legal inquiry that is subject to de novo review. *Davies v. Grossmont Union High Sch. Dist.*, 930

F.2d 1390, 1394 (9th Cir. 1991); *In re Leah S.*, 284 Conn. 685, 935 A.2d 1021, 1027 (2007); *City of Wisconsin Dells v. Dells Fireworks, Inc.*, 197 Wis. 2d 1, 539 N.W.2d 916, 924 (1995).

*Id*. at 355-56 (footnotes omitted).

In his brief on appeal, Defendant states that the Trial Court's order "did not give adequate warning of what activities or actions were prohibited or is overly broad, …" and that the order "did not specifically prohibit, restrain, or prevent [Defendant] from maintaining a gate." Defendant asserts that because the February 17, 2010 order did not specifically prohibit a gate, he has the right to erect and maintain one. Defendant is mistaken.

As did the Trial Court, we find no ambiguity in the February 17, 2010 order. The Trial Court's order that the right-of-way "remain open and unobstructed" without question "expressly and precisely spells out the details of compliance in a way that will enable reasonable persons to know exactly what actions are required or forbidden." *Konvalinka*, 249 S.W.3d at 355. The fact that the order does not contain the word "gate" does not render it ambiguous. Nor do we find that the order leaves any reasonable basis for doubt regarding its meaning. Open and unobstructed clearly prohibits erection of a gate, which would constitute an obstruction. We find no error in the Trial Court's finding Defendant in contempt of the February 17, 2010 order.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Donald G. Peters, II, and his surety.

_____
D. MICHAEL SWINEY, JUDGE