**Walter Augustus DUPUIS,
Plaintiff/Appellant,**

v.

**Regina Faye DUPUIS (Chester),
Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

March 22, 1991.

Permission to Appeal Denied by
Supreme Court July 1, 1991.

Mart G. Fendley, Clarksville, for plaintiff, appellant.

F. Evans Harvill, Clarksville, for defendant, appellee.

OPINION

KOCH, Judge.

This appeal is the most recent skirmish between two divorced parties concerning the division of their marital estate. After this court modified and affirmed the property division in 1988, the husband requested the Chancery Court for Montgomery County to order the wife to pay him rent for her use of the house prior to its sale. The trial court denied the motion, and the husband has appealed. We find that the husband was not entitled to rent for the wife's use of the house.

I.

Walter Dupuis and Regina Dupuis, née Chester, married in May, 1977. Three years later, they constructed a luxurious home on Ussery Drive in Clarksville. Their marriage failed after Ms. Chester had an affair with Mr. Dupuis' business partner. Mr. Dupuis threw Ms. Chester out of the house in March, 1985, and both parties sought a divorce in July, 1985.

The fate of the Ussery Drive house was one of the most hotly contested issues at trial. The trial court held that the house was marital property and that the parties had an equal interest in it. However, the trial court did not dispose of the house because of its dissatisfaction with the proof of fair market value and because of its concern that a forced sale would depress the sale price. Accordingly, the trial court decided that the parties would hold the property as tenants in common and directed them "to settle their ownerhsip interest between themselves or to bring about an orderly sale of the property."

Both parties filed post-trial motions to modify the final decree, but neither party took issue with the disposition of the house. While the post-trial motions were pending, Ms. Chester requested permission to move back into the house because Mr. Dupuis no

longer lived there. On January 21, 1987, the trial court entered an order granting Ms. Chester the right to move back into the house. The trial court entered another order approximately a week later disposing of the post-trial motions.

Both parties appealed. In 1988, this court modified the trial court's decision in several respects.[1] We held that the Ussery Drive house should be sold and that Mr. Dupuis should receive eighty percent of the net proceeds, and Ms. Chester twenty percent. The Supreme Court denied permission to appeal in October, 1988.

Within a month after the Supreme Court's action, Mr. Dupuis requested the trial court to sell the house and, while it was on the market, either to give him possession or to direct Ms. Chester to pay him rent. Ms. Chester responded by offering either to buy Mr. Dupuis' interest in the house or to sell him her interest. On February 22, 1989, the trial court ordered the house sold and denied Mr. Dupuis' motion for possession of the realty or for rent.

Mr. Dupuis filed a post-trial motion seeking permission to present evidence concerning his request for rent. On May 12, 1989, before the post-judgment motion could be disposed of, the trial court entered an order confirming its special commissioner's recommendation that the court accept Mr. Dupuis' offer to buy the house for $244,000. The order required Mr. Dupuis to pay Ms. Chester $22,027 in cash and to give her a note for $23,800, payable in six months at ten percent interest. Mr. Dupuis appealed after the trial court denied his post-trial motion.

## II.

■ The sole issue on this appeal concerns Mr. Dupuis' claim for rent while Ms. Chester lived in the Ussery Drive house. He rests his claim on the notion that Ms. Chester's use of the house amounted to an ouster of his interest in the property. We disagree.

The trial court did not finally adjudicate the parties' interests in the Ussery Drive house in the original divorce decree. It simply directed the parties to negotiate a mutually satisfactory disposition of the property and decided that they would hold the property as tenants in common, rather than tenants by the entirety, while these negotiations were taking place. The trial court implicitly reserved its right to take further action with regard to the property if the negotiations failed.

It was in this context that the trial court permitted Ms. Chester to live in the house. Since she was a tenant in common, Ms. Chester's possession of the property amounted to possession on behalf of Mr. Dupuis as well. *Story v. Saunders,* 27 Tenn. (8 Hum.) 663, 668 (1848); *Eckhardt v. Eckhardt,* 43 Tenn.App. 1, 5, 305 S.W.2d 346, 347 (1957). Her occupancy of the house could not amount to an ouster unless it was accompanied by other conduct clearly and openly disavowing Mr. Dupuis' interest in the property. *Moore v. Cole,* 200 Tenn. 43, 48–49, 289 S.W.2d 695, 697 (1956); *Drewery v. Nelms,* 132 Tenn. 254, 262, 177 S.W. 946, 947–48 (1915); *Jones v. Mosley,* 29 Tenn.App. 559, 567, 198 S.W.2d 652, 655 (1947).

Ms. Chester's occupation of the house under the facts of this case was not an ouster. It occurred only with the trial court's permission and continued only as long as was required for the final adjudication of the parties' interest in the property. During the entire time she lived in the house, Ms. Chester did nothing that could reasonably be construed as openly asserting her exclusive ownership of the house.

■ Another reason exists for turning aside Mr. Dupuis' belated request for rent. The trial court decided to permit Ms. Chester to live in the house before it finally disposed of the original divorce case. Mr. Dupuis did not take issue with Ms. Chester's rent-free use of the house on the first appeal, and thus its decision in this regard became the law of the case at the conclusion of the first appeal. *Tennessee E.*

1. *Dupuis v. Dupuis,* No. 87–187–11, 1988 WL 74620 (Tenn.Ct.App. July 20, 1988), *pet. reh'g* denied, 1988 WL 85486 (Tenn.Ct.App. Aug. 17, 1988), *perm. app. denied,* (Tenn. Oct. 31, 1988).

*Elec. Co. v. Hannah,* 157 Tenn. 582, 586, 12 S.W.2d 372, 373 (1928); *Jones v. Jones,* 784 S.W.2d 349, 351 (Tenn.Ct.App.1989). Accordingly, the decision concerning Ms. Chester's use of the house was binding on the parties during the later stages of the litigation.

### III.

We affirm the judgment and remand the case to the trial court. We tax the costs of this appeal to Walter Augustus Dupuis and his surety for which execution, if necessary, may issue.

LEWIS and CANTRELL, JJ., concur.