■ TOWN OF VIRGIL, Respondent, v DAVID FORD et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered April 19, 1991 in Cortland County, which conditionally granted plaintiff's motion to hold defendants in contempt.

When this case was previously before us, we affirmed an order of Supreme Court granting plaintiff summary judgment declaring that defendant's use of a parcel of land designated Cortland County Tax Map No. 126.00-01-47 was in violation of plaintiff's zoning ordinance prohibiting the storage of abandoned or "junked" vehicles and directing the immediate removal of all vehicles or parts of vehicles from the parcel (160 AD2d 1073). Subsequently, defendant David Ford removed vehicles from one of the three contiguous parcels of land where he resides with his aunt, defendant H. Dorthea Ford (hereinafter Ford), who owns the property. That parcel was originally identified in the complaint as premises conveyed to Ford and her late husband by deed in 1973 and as "[Cortland County] Tax Map No. 126.00-01-47".

Plaintiff thereafter made a motion to hold defendants in contempt for failure to comply with Supreme Court's order. In support of the motion, it was alleged that the three contiguous parcels owned by Ford were all included in and designated as Cortland County Tax Map No. 126.00-01-47 and, therefore, subject to Supreme Court's order. According to plaintiff, defendants had continued to accumulate vehicles and parts of vehicles on the property in violation of that order. Defendants opposed the motion on the ground that only one of the three parcels owned by Ford (i.e., the parcel purchased in 1973) was identified in the complaint as bearing Cortland County Tax Map No. 126.00-01-47 and that, as to such parcel, there had been full compliance with Supreme Court's order. Supreme Court granted plaintiff's motion and sentenced defendants to jail time unless all vehicles and parts of vehicles were removed from the entire premises within 90 days. This appeal by defendants followed.

There should be a reversal. It is not now disputed that, from at least the time of commencement of this action, all three parcels owned by Ford were encompassed by Cortland County Tax Map No. 126.00-01-47. This fact, however, was made clear for the first time on plaintiff's contempt motion. The record establishes that the three Ford parcels were purchased in 1960, 1970 and 1973 and, according to a 1978 survey map submitted by defendants in opposition to the motion, each parcel was previously identified by a separate Cortland County tax map number, with the parcel purchased in 1973 bearing No. 126.00-01-47. Both the complaint and Supreme Court's original decision in this action referred only to the parcel purchased in 1973 and described that parcel as No. 126.00-01-47. Supreme Court's order identified the relevant parcel solely

as "Cortland County Tax Map designation 126.00-01-47". Based on the foregoing, it is our view that when Supreme Court's order is read together with its decision and the complaint, it is not entirely clear that all three of the Ford parcels were affected by the order. Because in the context of a contempt motion such an ambiguity should be resolved in favor of the alleged contemnor *(see, Richards v Estate of Kaskel,* 169 AD2d 111, 121-122, *lv dismissed, lv denied* 78 NY2d 1042; *see also, Matter of Pfeffer v Board of Educ.,* 87 AD2d 595), we find an insufficient basis on this record for holding defendants in contempt *(see, Matter of Callanan Indus. v White,* 123 AD2d 56, 58-59).

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.