William David McLARTY

v.

Wilma WALKER.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Sept. 17, 2009 Session.

Oct. 13, 2009.

Permission to Appeal Denied by
Supreme Court Feb. 22, 2010.

Greg Leffew, Rockwood, Tennessee for
the Appellant, Wilma Walker.

James S. Smith, Jr., Rockwood, Tennessee for the Appellee, William David McLarty.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. McCLARTY, JJ., joined.

On remand from this Court in an earlier appeal in this case, the Trial Court entered an order on April 9, 2009 finding and holding, *inter alia*, that Wilma Walker ("Defendant") and her tenants, guests, and invitees were restrained from, among other things, parking in or obstructing a driveway shared by Defendant with William David McLarty ("Plaintiff"). The Trial Court's order held that Defendant would be strictly liable for violations of the restraining order by any of her tenants, or guests or invitees of her tenants. Defendant appeals the Trial Court's order to this Court. We affirm.

### *Background*

This is the second time this case has been before this Court on appeal. The background facts involve a dispute revolving around a driveway shared by Plaintiff and Defendant as discussed fully in our first Opinion, *McLarty v. Walker*, E2008–00206–COA–R3–CV, 2008 WL 4922419, 2008 Tenn.App. LEXIS 655 (Tenn.Ct.App. Nov. 13, 2008), *no appl. perm. appeal filed* ("*McLarty I*"). In *McLarty I*, we held, *inter alia*, "that the Agreed Temporary Order was not sufficiently clear, specific, and unambiguous so as to support a finding of civil contempt on the part of Defendant based on the actions of her tenants, their guests and other invitees." *McLarty I* at *9, 2008 Tenn.App. LEXIS 655 at *24. We vacated the finding of contempt against Defendant and remanded the case to the Trial Court "for entry of an order

that comports with our Opinion and the Supreme Court's Opinion in *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.*, 249 S.W.3d 346 (Tenn.2008)...." *McLarty I* at *10, 2008 Tenn.App. LEXIS 655 at *26.

On remand, the Trial Court entered an order on April 9, 2009 finding and holding, *inter alia:*

The Court further finds that there have been numerous and significant violations to the Agreed Restraining Order entered March 10, 2006, by this Court prohibiting Defendant, her tenants, their guests or other invitees from trespassing or encroaching on the Plaintiff's property and prohibiting blocking or obstructing the driveway, but that owing to the lack of specific language in that Restraining Order putting the Defendant on notice that she would actually be held responsible for the acts of her tenants, their guests or other invitees, that no punishment for contempt should be levied against the Defendant at this time. The Court does find, however, that the Defendant, as an absentee landlord, has the duty to control the behavior of her tenants and their guests and invitees in this regard, whether it is by providing other parking, posting signs along her side of the driveway, selecting tenants more carefully, by electronically monitoring the driveway, or by any other means she chooses, and that in the future she should and will be held strictly responsible for the behavior of her tenants and their guests and invitees in this regard, with her responsibility to include the possibility of being found in contempt and fined or otherwise sanctioned for the conduct of her tenants and the guests and invitees of the tenants, whether or not she had actual notice of the violation of the Restraining Order as hereinafter enunciated by the Court.

The Court finds that it is the responsibility of the Defendant to monitor the conduct of her tenants and their guests and invitees in this regard, and her failure to do so may very well subject her to contempt and sanctions by the Court. The [Court] finds that in the event of a violation of the Restraining Order as hereinafter set out, the Plaintiff should notify the Defendant by telephone of the violation one time. This notification is all that is required of the Plaintiff in this regard since the proof showed that the violations tended to be an on-going problem. Specifically, one telephone call is all that is required in the way of notice to the Defendant, not one telephone call per violation.

The Court finds that hereinafter the Defendant, her tenants and the guests or other invitees of the tenants at the 120 North Kingston Avenue, Rockwood, Tennessee property should be hereby prohibited and restrained from trespassing or encroaching on the Plaintiff's property provided, however, that they may continue to use the driveway between the properties at 120 N. Kingston Ave. and 116 N. Kingston Ave. to access the rear of the 120 N. Kingston Ave. lot from Kingston Avenue. This prohibition shall include parking directly in the driveway or otherwise obstructing it, and this shall also apply to the Plaintiff. The Court finds that in this regard vehicles must be in motion in all times on the common part of the driveway in order to avoid violation, except that in the event that Plaintiff gates his property, he should be allowed reasonable time to stop and open the gate before moving out of the common area of the driveway, and in the event that a vehicle from either property is backing out or pulling out onto Kingston Avenue, they should be allowed a reasonable time to enter the traffic on Kingston Avenue safely.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

\* \* \*

3. IT IS FURTHER ORDERED THAT THE DEFENDANT, HER TENANTS AT THE 120 N. KINGSTON AVE. PROPERTY, AND THE GUESTS AND INVITEES OF THE TENANTS ARE HEREBY PERMANENTLY PROHIBITED AND RESTRAINED FROM TRESPASSING OR ENCROACHING ON THE PLAINTIFF'S PROPERTY, EXCEPT FOR USE OF THE DRIVEWAY FOR INGRESS AND EGRESS AS HEREIN SET OUT. THE DEFENDANT SHALL BE STRICTLY LIABLE FOR VIOLATIONS OF THIS RESTRAINING ORDER BY ANY OF HER TENANTS OR ANY GUESTS OR INVITEES OF THE TENANTS AND SHALL MONITOR AND CONTROL THIS BEHAVIOR IN WHATEVER MANNER SHE CHOOSES. DEFENDANT IS STRICTLY LIABLE FOR VIOLATIONS AND IS SUBJECT TO CONTEMPT OF COURT AND SANCTIONS WHICH MAY INCLUDE BUT NOT BE LIMITED TO FINES FOR ANY VIOLATIONS OF THIS RESTRAINING ORDER BY HER, HER TENANTS, OR THE GUESTS OR INVITEES OF THE TENANTS. THE CONDUCT PROHIBITED AND RESTRAINED BY THIS RESTRAINING ORDER SHALL INCLUDE PARKING DIRECTLY IN THE DRIVEWAY OR OTHERWISE OBSTRUCTING THE DRIVEWAY. VEHICLES MUST BE IN MOTION AT ALL TIMES

ON THE COMMON PART OF THE DRIVEWAY IN ORDER TO AVOID VIOLATION, EXCEPT THAT IN THE EVENT PLAINTIFF GATES HIS PROPERTY HE SHOULD BE ALLOWED REASONABLE TIME TO STOP AND OPEN THE GATE BEFORE MOVING OUT OF THE COMMON AREA, AND IN THE EVENT THAT A VEHICLE FROM EITHER PROPERTY IS BACKING OUT OR PULLING OUT ONTO KINGSTON AVENUE, THAT VEHICLE SHOULD BE ALLOWED A REASONABLE TIME TO ENTER THE TRAFFIC ON KINGSTON AVENUE SAFELY.

4. IN THE EVENT OF A VIOLATION OF THIS RESTRAINING ORDER PLAINTIFF SHALL NOTIFY DEFENDANT ONE TIME BY TELEPHONE: ONE CALL IS ALL THAT IS REQUIRED TO PLACE DEFENDANT ON NOTICE OF AN ON–GOING PROBLEM IN THIS REGARD.

Defendant appeals the Trial Court's April 9, 2009 order to this Court.

### *Discussion*

■ Defendant raises three issues on appeal, which we quote:

1. Did the Chancellor err in holding [Defendant] strictly liable for the actions of her tenants, their guests and invitees in blocking the driveway shared by the [Defendant's] and [Plaintiff's] properties?

2. Did the Chancellor err in requiring [Defendant] to monitor the conduct of her tenants and their guests?

3. Did the Chancellor err in requiring [Plaintiff] to notify [Defendant] of only one violation of the prohibition against parking on the shared driveway as a basis for holding her in contempt for an on-going problem?

■ Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R.App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn.2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn.2001).

The issues raised by Defendant were resolved in our Opinion in *McLarty I* when we vacated the Trial Court's order and remanded the case to the Trial Court with specific instructions:

for entry of a new order that comports with our Opinion and the Supreme Court's Opinion in *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.*, 249 S.W.3d 346 (Tenn.2008). Such an order on remand should expressly and precisely spell out the details of compliance in a way that will enable Defendant to know what actions are required or forbidden of her, including her responsibilities as to her tenants, guests, and other invitees.

Our Opinion in *McLarty I* was not appealed to the Tennessee Supreme Court and, therefore, became final and binding on the parties. *See Dupuis v. Dupuis*, 811 S.W.2d 538, 539 (Tenn.Ct.App.1991) (stating that the plaintiff did not take issue on the first appeal with the trial court's ruling on a particular issue, and "thus its decision in this regard became the law of the case at the conclusion of the first appeal."). Thus, the issues raised by Defendant are precluded by our decision in *McLarty I*.

■ As *McLarty I* constitutes the law of the case, the only viable issue on appeal

is whether the Trial Court's April 9, 2009 order comports with our Opinion in *McLarty I*. As we discussed in *McLarty I*, our Supreme Court has instructed:

Civil contempt claims based upon an alleged disobedience of a court order have four essential elements. First, the order alleged to have been violated must be "lawful." Second, the order alleged to have been violated must be clear, specific, and unambiguous. Third, the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order. Fourth, the person's violation of the order must be "willful."

The threshold issue in any contempt proceeding is whether the order alleged to have been violated is "lawful." A lawful order is one issued by a court with jurisdiction over both the subject matter of the case and the parties. *Vanvabry v. Staton,* 88 Tenn. 334, 351–52, 12 S.W. 786, 791 (1890); *Churchwell v. Callens,* 36 Tenn.App. 119, 131, 252 S.W.2d 131, 136–37 (1952). An order is not rendered void or unlawful simply because it is erroneous or subject to reversal on appeal. *Vanvabry v. Staton,* 88 Tenn. at 351, 12 S.W. at 791; *Churchwell v. Callens,* 36 Tenn.App. at 131, 252 S.W.2d at 137. Erroneous orders must be followed until they are reversed. *Blair v. Nelson,* 67 Tenn. (8 Baxt.) 1, 5 (1874). However, an order entered without either subject matter jurisdiction or jurisdiction over the parties is void and cannot provide the basis for a finding of contempt. *Brown v. Brown,* 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955); *Howell v. Thompson,* 130 Tenn. 311, 323–24, 170 S.W. 253, 256 (1914). Naturally, the determination of whether a particular order is lawful is a question of law.

The second issue involves the clarity of the order alleged to have been violat-ed. A person may not be held in civil contempt for violating an order unless the order expressly and precisely spells out the details of compliance in a way that will enable reasonable persons to know exactly what actions are required or forbidden. *Sanders v. Air Line Pilots Ass'n Int'l,* 473 F.2d 244, 247 (2d Cir.1972); *Hall v. Nelson,* 282 Ga. 441, 651 S.E.2d 72, 75 (2007); *Marquis v. Marquis,* 175 Md.App. 734, 931 A.2d 1164, 1171 (2007); *Cunningham v. Eighth Judicial Dist. Ct. of Nev.,* 102 Nev. 551, 729 P.2d 1328, 1333–34 (1986); *Petrosinelli v. People for the Ethical Treatment of Animals, Inc.,* 273 Va. 700, 643 S.E.2d 151, 154–55 (2007). The order must, therefore, be clear, specific, and unambiguous. *See Doe v. Bd. of Prof'l Responsibility,* 104 S.W.3d [465] at 471 [ (Tenn.2003) ]; *Long v. McAllister–Long,* 221 S.W.3d [1] at 14 [ (Tenn.App.2006) ].

Vague or ambiguous orders that are susceptible to more than one reasonable interpretation cannot support a finding of civil contempt. *City of Gary v. Major,* 822 N.E.2d 165, 170 (Ind.2005); *Judge Rotenberg Educ. Ctr., Inc. v. Comm'r of Dep't of Mental Retardation,* 424 Mass. 430, 677 N.E.2d 127, 137 (1997); *Ex parte Slavin,* 412 S.W.2d [43] at 45 [ (Tex.1967) ]. Orders need not be "full of superfluous terms and specifications adequate to counter any flight of fancy a contemner may imagine in order to declare it vague." *Ex parte Blasingame,* 748 S.W.2d 444, 446 (Tex.1988) (quoting *Ex parte McManus,* 589 S.W.2d 790, 793 (Tex.Civ.App.-Dallas 1979)). They must, however, leave no reasonable basis for doubt regarding their meaning. *Int'l Longshoremen's Ass'n, Local No. 1291 v. Phila. Marine Trade Ass'n,* 389 U.S. 64, 76, 88 S.Ct. 201, 19 L.Ed.2d 236

(1967); *Salt Lake City v. Dorman–Ligh,* 912 P.2d 452, 455 (Utah Ct.App.1996).

Orders alleged to have been violated should be construed using an objective standard that takes into account both the language of the order and the circumstances surrounding the issuance of the order, including the audience to whom the order is addressed. *United States v. Bernardine,* 237 F.3d 1279, 1282 (11th Cir.2001); *United States v. Young,* 107 F.3d 903, 907–08 (D.C.Cir. 1997). Ambiguities in an order alleged to have been violated should be interpreted in favor of the person facing the contempt charge. *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 551 (6th Cir.2006); *Levin v. Tiber Holding Corp.,* 277 F.3d 243, 251 (2d Cir. 2002); *Town of Virgil v. Ford,* 184 A.D.2d 901, 585 N.Y.S.2d 559, 560 (1992); *Greene v. Finn,* 153 P.3d [945] at 951 [ (Wyo.2007) ]. Determining whether an order is sufficiently free from ambiguity to be enforced in a contempt proceeding is a legal inquiry that is subject to de novo review. *Davies v. Grossmont Union High Sch. Dist.,* 930 F.2d 1390, 1394 (9th Cir.1991); *In re Leah S.,* 284 Conn. 685, 935 A.2d 1021, 1027 (2007); *City of Wisconsin Dells v. Dells Fireworks, Inc.,* 197 Wis.2d 1, 539 N.W.2d 916, 924 (1995).

The third issue focuses on whether the party facing the civil contempt charge actually violated the order. This issue is a factual one to be decided by the court without a jury. *See Pass v. State,* 181 Tenn. 613, 620, 184 S.W.2d 1, 4 (1944); *Sherrod v. Wix,* 849 S.W.2d 780, 786 (Tenn.Ct.App.1992). The quantum of proof needed to find that a person has actually violated a court order is a preponderance of the evidence. *Doe v. Bd. of Prof'l Responsibility,* 104 S.W.3d at 474. Thus, decisions regarding whether a person actually violated a court order should be reviewed in accordance with the standards in Tenn. R.App. P. 13(d).

The fourth issue focuses on the willfulness of the person alleged to have violated the order. The word "willfully" has been characterized as a word of many meanings whose construction depends on the context in which it appears. *Spies v. United States,* 317 U.S. 492, 497, 63 S.Ct. 364, 87 L.Ed. 418 (1943); *United States v. Phillips,* 19 F.3d 1565, 1576–77 (11th Cir.1994). Most obviously, it differentiates between deliberate and unintended conduct. *State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Group Trust,* 209 S.W.3d [602] at 612 [ (Tenn.App.2006) ]. However, in criminal law, "willfully" connotes a culpable state of mind. In the criminal context, a willful act is one undertaken for a bad purpose. *Bryan v. United States,* 524 U.S. 184, 191, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998); *State v. Braden,* 867 S.W.2d 750, 761 (Tenn.Crim. App.1993) (upholding an instruction stating that "[a]n act is done willfully if done voluntarily and intentionally and with the specific intent to do something the law forbids").

In the context of a civil contempt proceeding under Tenn.Code Ann. § 29–9–102(3), acting willfully does not require the same standard of culpability that is required in the criminal context. *State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Group Trust,* 209 S.W.3d at 612. Rather, willful conduct

consists of acts or failures to act that are intentional or voluntary rather than accidental or inadvertent. Conduct is 'willful' if it is the product of free will rather than coercion. Thus, a person acts 'willfully' if he or she is a free agent, knows what he or she is

doing, and intends to do what he or she is doing.

*State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Group Trust,* 209 S.W.3d at 612 (citations omitted). Thus, acting contrary to a known duty may constitute willfulness for the purpose of a civil contempt proceeding. *United States v. Ray,* 683 F.2d 1116, 1127 (7th Cir.1982); *City of Dubuque v. Iowa Dist. Ct. for Dubuque County,* 725 N.W.2d 449, 452 (Iowa 2006); *Utah Farm Prod. Credit Ass'n v. Labrum,* 762 P.2d 1070, 1074 (Utah 1988). Determining whether the violation of a court order was willful is a factual issue that is uniquely within the province of the finder-of-fact who will be able to view the witnesses and assess their credibility. Thus, findings regarding "willfulness" should be reviewed in accordance with the Tenn. R.App. P. 13(d) standards.

*Konvalinka v. Chattanooga–Hamilton Cty. Hosp. Auth.,* 249 S.W.3d 346, 354–57 (Tenn.2008) (footnotes omitted).

We find that the Trial Court's April 9, 2009 order is a lawful order. The Trial Court clearly had jurisdiction over both the parties and the subject matter involved. Further, we find that the Trial Court fully complied with our instructions upon remand and entered an order that "expressly and precisely spells out the details of compliance in a way that will enable reasonable persons to know exactly what actions are required or forbidden." *McLarty I* at *7, 2008 Tenn.App. LEXIS 655 at *18 (quoting *Konvalinka,* 249 S.W.3d at 355). The Trial Court's April 9, 2009 order expressly and precisely spells out the details of what Defendant must do to be in compliance with that order. The Trial Court's order places the burden clearly on Defendant to find a way to prevent her tenants from continuing to commit these prohibited acts. This is ex-

actly what we in *McLarty I* instructed the Trial Court to do on remand.

Our Opinion in *McLarty I* constitutes the law of the case, and the Trial Court complied with our Opinion in entering its April 9, 2009 order. As such, we find no error in the Trial Court's April 9, 2009 order, and we affirm.

### *Conclusion*

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Wilma Walker, and her surety.