

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-12-00170-CV

_____

DORIS SIMS AND SUCCESSION BUILDERS, LLC, APPELLANTS

V.

BUILDING TOMORROW'S TALENT, LLC
AND MATTHEW GAY, APPELLEES

On Appeal from the 16ᵗʰ District Court
Denton County, Texas
Trial Court No. 2011-10979-16; Honorable Carmen Rivera-Worley, Presiding

April 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By five issues,[1] Appellants, Doris Sims and Succession Builders, LLC (hereafter Sims), challenge the trial court's order confirming an arbitration award of $195,000 in favor of Appellees, Building Tomorrow's Talent, LLC, and Matthew Gay (hereafter Gay). By her first issue, Sims asserts the trial court erred in confirming the arbitrator's award

_____

[1] Sims presents four issues in the Table of Contents of her brief, but presents five issues in the body of the brief.

after the deadline set by the parties had passed, and by issue two, she challenges the arbitrator's jurisdiction to rule in light of section 171.053 of the Texas Civil Practice and Remedies Code and common law principles.[2]  By issues three and four, she alleges trial court error in rejecting the arbitration guidelines contractually set by the parties and replacing them with a preferred schedule and in compelling the arbitrator to rule in light of his admission he would not voluntarily rule and that his impartiality had been compromised.  By her fifth issue, Sims contends sound public policy—speed, efficiency and cost reduction—precludes confirmation of the arbitrator's award issued two years after the deadline set by the parties.  Sims also filed a Reply Brief challenging the arguments raised in Gay's brief.  We reverse and remand.

## BACKGROUND[3]

Doris Sims and Matthew Gay were partners in Building Tomorrow's Talent, a human resources consulting company.  Each held a fifty percent ownership interest.  Sims left a comfortable job to devote her time to the new business while Gay enjoyed employment in a corporate position.  Sims funded the business with a $90,000 loan, and Gay did not make any significant contribution.  After a year, Sims became disenchanted with the enterprise, and the two parted ways.  Sims started a new, one-person human resources consulting firm, Succession Builders, LLC.

Gay sued Sims and unsuccessfully sought a temporary injunction against her; however, she was awarded relief to move forward with her new business.  The trial

---

[2] Unless otherwise designated, all future references to sections or "§" are to the Texas Civil Practice and Remedies Code.

[3] In his brief, Gay objects to Sims's issues as improperly mischaracterizing the facts.  In this opinion, facts are derived from the appellate record and not the parties' briefs.

court ordered any remaining disputes be resolved through mediation. Michael J. Whitten, a solo law practitioner, successfully mediated the case and memorialized the terms into a Mediated Settlement Agreement. The agreement was signed on May 23, 2008. It provided that Sims's $90,000 loan to Building Tomorrow's Talent would be reclassified as a capital contribution in exchange for Sims having ownership of two existing contracts. Royalties from a book entitled "Building Tomorrow's Talent" were awarded equally to both, and each was awarded ownership of their respective copyrights to any publication, product, idea or service by them individually derived from the intellectual property and concepts stated in the book.

On September 11, 2008, Sims, through her counsel, sent a letter to Gay's counsel addressing the issue of some of her copyrighted materials still being available on Gay's business website and requested they be removed per the agreement. Sims's counsel e-mailed Whitten's assistant on October 1, 2008, to request a mediation session to invoke the mediation and arbitration provisions of the settlement agreement to resolve the copyright issue. Instead, the parties agreed to bypass mediation and proceed to arbitration with Whitten serving as their arbitrator.

On November 5, 2008, Sims and Gay executed Proposed Arbitration Guidelines[4] and set forth rules for an expedited process and schedule for arbitration. They also scheduled an arbitration hearing before Whitten for November 24, 2008,[5] and a deadline for Whitten's "reasoned written ruling containing both findings of fact and

---

[4] Gay asserts the Proposed Arbitration Guidelines are not controlling and Sims disputes this in her Reply Brief.

[5] The hearing took less than one day and was not transcribed.

3

conclusions of law" to be issued "[w]ithin 14 days of the Defendants/Counter-Plaintiffs' [Gay's] written submission."

Gay submitted his final brief on December 22, 2008, and according to Sims, Whitten's ruling was due no later than January 6, 2009. When Whitten's ruling was not forthcoming, Sims's trial counsel exchanged several e-mails with Whitten's paralegal to no avail. On April 3, 2009, Sims's trial counsel sent a letter objecting to Whitten's "lack of an award pursuant to Texas Civil Practice and Remedies Code, Sec. 171.053 et seq."[6] Whitten did not respond, and Sims's counsel made further inquiry by letter dated April 17, 2009, about the lack of an award and explained the negative impact on Sims's new business.

On April 21, 2009, Gay's counsel corresponded with Whitten by e-mail regarding the delinquent award addressed by Sims's counsel and objected to the letter of April 17th as "an inappropriate effort to influence and inject collateral issues" into Whitten's deliberations. The objection notwithstanding, Gay's counsel expressed Gay's wish to continue with the "agreed-upon arbitration framework." That same date, Whitten e-mailed the parties "I am on the cusp of having a decision."

Several months passed without Whitten issuing a ruling. Sims, on her own,[7] e-mailed Whitten imploring him to issue a ruling due to the economic impact the delay

---

[6] Section 171.053(e) provides, "[a] party waives the objection that an award was not made within the time required unless the party notifies the arbitrators of the objection before the delivery of the award to that party."

[7] She copied both counsel on the e-mail.

4

was having on her new business.[8]  Whitten did not respond, and Sims sent two follow-up e-mails.  Gay's counsel responded to the e-mails but did not acknowledge the lack of Whitten's ruling.

In July 2009, eight months after the arbitration hearing, Sims's counsel wrote Whitten requesting a meeting to discuss the delay in making a ruling.  Whitten did not respond.  Concluding Whitten had abandoned the matter, Sims's counsel wrote Whitten, alleged he had breached his agreement with Sims, asserted multiple ethical violations and notified him that authorization for him to serve as arbitrator was being withdrawn.[9]  Again, Whitten did not respond.

One year after the arbitration hearing, on November 23, 2009, Sims sued Whitten and his law firm for breach of contract and fraud.  Gay intervened in the lawsuit and accused Sims of "hijacking" the arbitration and noted he had not consented to withdrawal from arbitration.  He alleged Sims breached the mediation agreement and requested the court to compel arbitration and have Whitten issue a ruling on liability within seven days and a written award within sixty days.  Gay also asserted that the consequences of Sims's conduct made it impossible for Whitten to rule without appearing bias against her.[10]

---

[8] Sims eventually filed for bankruptcy.

[9] Sims initiated a new lawsuit against Gay in federal court to resolve the copyright issues.  The court stayed the suit due to the unresolved arbitration.  The suit was dismissed two years later for lack of jurisdiction.

[10] In his brief, Gay asserts Sims's conduct was an effort to obstruct mediation "[t]o escape imminent defeat."

At a hearing on Gay's *Plea in Intervention*, Whitten acknowledged his impartiality had been compromised and refused to issue a decision without a court order. Despite his suggestion to use a replacement arbitrator, on April 8, 2010, the trial court orally ordered Whitten to issue a ruling. Whitten did not rule, and on June 18, 2010, the trial court entered a written order directing him to render a written decision on liability and render a schedule for discovery, testimony and other matters within fourteen days. He was ordered to render a written award within sixty days. Sims objected to the written order on the basis the court was replacing agreements and deadlines entered into by the parties in the Proposed Arbitration Guidelines. On August 10, 2010, approximately nineteen months after the initial, agreed-to deadline, Whitten issued his *Arbitrator's Award, Findings of Fact and Conclusions of Law* in favor of Gay and against Sims. But not until August 25, 2011, did Whitten issue a final judgment awarding Gay $195,000 in damages and $92,135.32 in attorney's fees. Sims filed objections to the award and a motion to vacate the award based on Whitten's lack of impartiality. The trial court confirmed Whitten's award on October 26, 2011.[11]

## STANDARD OF REVIEW

Confirmation of an arbitration award is appealable under section 171.098(a)(3) of the Code. However, because Texas law favors arbitration, appellate review of an arbitration award is extraordinarily narrow. *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 257, 271 (Tex. 2010). We review a trial court's confirmation of an arbitration award *de novo*. *Denver City Energy Assocs.*, *L.P. v. Golden Spread Elec.*

---

[11] The breach of contract and fraud suit filed by Sims against Whitten was severed and the proceedings were stayed.

6

*Coop.*, 340 S.W.3d 538, 544 (Tex. App.—Amarillo 2011, no pet.). Arbitration is a "contractual proceeding by which the parties to a controversy or dispute, in order to obtain a speedy and inexpensive final disposition" agree to submit their controversy to an arbitration process. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 268 (Tex. 1992). Public policy favors agreements to resolve legal disputes through such voluntary settlement procedures, and trial and appellate courts have the responsibility to carry out those policy considerations. *See* §§ 154.002, 154.003. Efficiency and lower costs are frequently cited as the main benefits of arbitration. *Tipps*, 842 S.W.2d at 268 (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 84 L.Ed.2d 158, 105 S.Ct. 1238 (1985)).

## ANALYSIS

By issue one, Sims asserts the trial court erred in confirming the arbitrator's award after the deadline set by the parties had passed. We agree. Complaints concerning the tardiness of an arbitration award are waived "unless the party notifies the arbitrators of the objection before the delivery of the award to that party." *See* § 171.053(e). The parties have not cited this Court to any Texas cases involving tardiness of an award, and we have found none.[12]

Sims and Gay entered into a written Mediation Settlement Agreement providing for resolution of their disputes and then executed Proposed Arbitration Guidelines providing for the arbitrator to issue a ruling with *Findings of Fact and Conclusions of Law* within fourteen days of both parties' written submissions. Gay argues the parties

---

[12] Prior to oral argument of this appeal, Sims submitted a letter brief citing to two out-of-state cases. However, we apply the law in Texas as codified in section 171.053.

abandoned the guidelines because the agreement required bifurcation of the merits and the damages/attorney's fees issues. Even assuming the original deadlines were abandoned, by order of June 18, 2010, the trial court set new deadlines of fourteen days to render a schedule for discovery, testimony and briefing and sixty days to render a written award.[13] Whitten's final award issued on August 25, 2011, was still a year beyond the trial court's deadline.

As early as April 3, 2009, Sims objected to the tardiness of Whitten's ruling based on partiality, *see* § 171.053(e), and Whitten admitted his impartiality had been compromised. She also filed objections and a motion to vacate Whitten's award on September 30, 2011, thus preserving her complaint for appellate review. *See* §§ 171.087, 171.088(b). *See also New Med. Horizons II*, *Ltd. v. Jacobson*, 317 S.W.3d 421, 429 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

The Legislature clearly and unambiguously provided that an arbitrator *shall* make an award within the time established by the agreement to arbitrate, or if a deadline is not established by agreement, within the time ordered by the court. *See* § 171.053(c)(1), (2). Even assuming the parties abandoned the original deadline as argued by Gay, Whitten's award was still outside the later deadline set by the trial court. Whitten's conduct defeated the intent of arbitration—a contractual arrangement by parties "to obtain a speedy and inexpensive final disposition." *See Tipps*, 842 S.W.2d at 268. We conclude Whitten had no authority to enter an arbitration award, whether it be outside the deadline set in the Proposed Arbitration Guidelines or in the trial court's

---

[13] Section 171.053(c)(2) provides that if a deadline is not established by agreement, the arbitrator shall make an award within the time ordered by the trial court.

June 18, 2010 order. Issue one is sustained. Our disposition of issue one pretermits consideration of Sims's remaining four issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having sustained issue one, we reverse the trial court's *Order Confirming Arbitration Award* and remand the cause to the trial court for further proceedings.


Patrick A. Pirtle
Justice


C.J. Quinn joins in the opinion of the court given the specific facts involved and conduct of the arbitrator here.